

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford
Administrator, Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-4471
Re: Does the Texas Liquor Control
Board have the authority to
permit a package store owner to
transport liquor from a certain
storage place to one or more
stores under the same ownership
in vehicles for which no type of
transport permit has been provided
by the Texas Liquor Control Act?

Your letter requesting the opinion of this department
on the above stated question reads as follows:

"At the last regular meeting of the members of the
Texas Liquor Control Board, there was brought at issue
the provisions of Rule and Regulation No. 11B-1 attached
hereto and made a part hereof.

"The question raised is whether the owner of several
package stores would be privileged to transport liquor
in his own vehicle from a premises designated as a place
of storage to another package store in the chain.

"The regulation referred to as adopted by the Board
in August, 1939, was predicated upon the assumption that
transportation of liquor was restricted to carriers or
persons for which a permit had been provided by the Texas
Liquor Control Act.  Section 4 (a), Article I, of the Act
provides as follows:

"'It shall be unlawful for any person to manufacture,
distill, brew, sell, possess for the purpose of sale, import
into this State, export from the State, transport, distri-
bute, warehouse, store, solicit, or take orders for, or for
the purpose of sale to bottle, rectify, blend, treat, fertify,
mix, or process any liquor in any wet area without first
having procured a permit.'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Section 15, Article I, provides for the different types of permits, including those allowing transportation as follows:

"'Carrier Permit, Private Carrier Permit, Local Cartage Permit.'

"Since the transportation of liquor is restricted to persons having a permit, it was concluded that the owner of a package store not having the privilege of obtaining a transport permit could not be given such privilege under any rule and regulation of the Board.

"Your opinion is requested as to whether the Board does have the authority to permit a package store owner to transport liquor from a certain storage place to one or more stores under the same ownership in vehicles for which no type of transport permit has been provided in the Texas Liquor Control Act."

Rule and Regulation No. 11b-1, of the Liquor Control Board, relating to the matters under consideration, which is attached to your inquiry, is as follows:

"In Re:  Package Store, Transfer to Another Store, Requiring Records

"(1). The common owner of more than one package store, who has designated one of his places of business as a place of storage, in transferring liquor to his other stores shall make and keep a permanent record of such transfer, showing the quantity, the size of containers, and the brand of liquor so transferred, the date, the store to which transferred and the manner in which the same was transported. He shall make and prepare an invoice in duplicate of each such transfer. The invoice shall show the date, the quantity, the size of containers and the brand or brands of liquor, the name and the permit number of both the storage store and the one to which said liquor is transferred. The duplicate of such invoice shall be kept for a period of two years in the place of storage and the original shall accompany the shipment and be delivered to the receiving store and kept on file at that place for a period of at least two years. The receiving store shall make the proper entry in his permanent book record concerning all such receipts of liquor.

"Liquors so transferred may be transported only by the holder of a local cartage or a common carrier permit.

"It shall be unlawful for any package store permittee to fail or refuse to make and keep the records as herein required. It shall be unlawful for any package store permittee to transfer or transport any liquor from one store to another in any manner other than as herein provided.

"It shall be unlawful for any package store permittee, his agent, servant or employee to transport any liquor for the purposes herein mentioned in a private vehicle.

"(2). Rule and Regulation No. 11-B, dated September 28, 1937, promulgated by the Texas Liquor Control Board is hereby repealed, but said Rule and Regulation shall remain in full force and effect until this order is published as required by law.

"(3). If any section, portion, clause, or part of this order be held invalid, the same shall not affect any other section, portion, clause, or part thereof.

"It is so ordered this the 14th day of August, A. D. 1939.

(Published September 1, 1939.)     TEXAS LIQUOR CONTROL BOARD"

Subsection e, Sec. 8, Art. 666-15, V.A.P.C., provides:

"Any person owning more than one package store permit may designate one of the licensed premises as the place for storage of liquor, and he shall be privileged to transfer liquor from such storage to his other licensed premises under such rules as shall be prescribed by the board."

We have failed to find any case where the appellate courts of this State have construed subsection e, Section 8, of the Article quoted above. However, there are many Texas cases regarding the illegal transportation of intoxicating liquors. It is stated in effect in Webb v. State, 37 S.W. (2d) 753, that in a prosecution for transporting liquor, a charge defining "transport" as carrying anything from one place to another was substantially correct.

The definition of the word "transport" in any prosecution for transporting liquor means to move or carry from one place, or locality, to another place, or locality. (Held substantially correct, Pruett v. State, 35 S. W. (2d) 718.) Some of the other cases regarding the illegal transportation of liquor are Davis v. State, 267 S. W. 513; Cain v. State, 69 S. W. (2d) 140; Hammers v. State, 59 S. W. (2d) 162; McGee v. State, 281 S. W. 1052; Hannon v. State, 259 S. W. 1083; Johnson v. State, 265 S. W. 588.

By virtue of Subsection a, Art. 666-4, supra, it is unlawful for any person to transport liquor without having procured a permit. We find no exceptions to this provision regarding the question under consideration. Subsection e, section 8, supra, authorizes any person holding more than one package store permit to designate one of the licensed premises as a place for storage of liquor and permits such person to transfer liquor from such storage to his other licensed premises under such rules as shall be prescribed by the board. A person owning more than one package store permit can not transfer liquor from one licensed premise to other licensed premises unless and until one of such premises is designated as a place for storage of liquor in compliance with the above mentioned provisions. Considering subsection e, section 8, and subsection a, Art. 666-4, together, it is apparent that liquor can be legally transported only by a person having a permit and that subsection e, section 8, is no exception to subsection a, Art. 666-4. Said subsection e, section 8 only authorizes or permits the owner of more than one package store permit to designate one of the licensed premises as a storage place for liquor without a storage permit, and further permits him to transfer liquor from such storage to other licensed premises, but does not authorize him to transport such liquor. The only way such liquor can be legally transported is by some person who has obtained a permit under the liquor control act authorizing him to transport liquor. Therefore, the above stated question is respectfully answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

APPROVED MAR 23, 1942

_Grover Sellers_

FIRST ASSISTANT
ATTORNEY GENERAL

AW:AMM

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN